## No. 15,847.

### HADDOCK *v.* THE PEOPLE.
(188 P. [2d] 891)

Decided January 5, 1948.

Mr. CHARLES F. KEEN, Mr. V. G. SEAVY, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, on an information charging that said defendant "on or about the 1st day of July, 1946, within the County of Crowley, did unlawfully and feloniously kill and slay one Eva Valdez," was returned by a jury "guilty of involuntary manslaughter in the manner and form as charged in the information"; whereupon he was sentenced to a term of nine months imprisonment in the county jail of said county. To review that judgment he prosecutes this writ and specifies nine alleged errors. For the purpose of argument these are thus classified by his counsel: 1. The trial court erred in not directing a verdict of "not guilty" because of the variance between the allegations of the information and place of death of Eva Valdez; 2. The trial court erred in not granting defendant's motion for a mistrial, because of the misconduct of the jury in conversing during a recess with a state witness, Henry Adam; 3. The trial court erred in not giving defendant's tendered instruction No. 1.

There is no abstract before us which requires consideration of any of these specifications. Rule No. 36 of the Rules of 1929, requires that the abstract shall contain the judgment and such other parts of the record as may be essential, and shall be indexed. Rule No. 40, id., provides that if the plaintiff in error fails to file an abstract "as required," the "court may dismiss the writ of error without notice."

There is here an alleged abstract with an alleged index, but from that index we would not suspect that

there had ever been a motion for a mistrial, or that any instructions were given. From the abstract itself we can glean no information as to the cause of death; the grade of the crime charged; the reputed misconduct of the jury; or the instructions given. Worst of all the only hint contained in this abstract that a sentence was pronounced is the following: "Folio 72. Sentence of defendant." We are obliged to go to the transcript for the facts upon which the assignments are predicated, and this we do only because of our reluctance to dismiss the writ in an important criminal case for counsel's failure to observe the rules.

1. From the evidence we learn that the defendant drove his automobile on the streets of Ordway, in Crowley county, carelessly and negligently and with a wanton disregard of the rights and safety of others, and by so doing struck and killed Eva Valdez, and that his victim died two days later in a hospital at Rocky Ford, in Otero county, without regaining consciousness. The complaint is that, since the information failed to state the place of death of Eva Valdez, the people should not have been permitted to introduce evidence thereof. Aside from the fact that the contention is absurd and wholly unsupported by reason, it is completely answered by section 41, chapter 48, '35 C.S.A. Even where the information erroneously alleges the place of death, such allegation is disregarded as superfluous, since the place of death is immaterial. *Kirkham v. People,* 170 Ill. 9, 48 N.E. 465; *State v. Crean,* 43 Mont. 47, 114 Pac. 603.

2. Having first been instructed not to converse with anyone concerning the case the jurors were permitted to separate during the trial. Henry Adam was the sheriff of Crowley county and a witness for the people. During a recess of court one or more of the jurors were observed in his office talking with him. It was admitted that the conversation had no reference to the case. Unless the facts justify the conclusion that the conduct complained of produced an improper influence

on the mind of the juror or jurors, they will not support an allegation of error. *McLean v. People,* 66 Colo. 486, 496, 180 Pac. 676.

3. Defendant's requested instruction No. 1 reads: "The Court instructs the jury that before you can find the defendant guilty of involuntary manslaughter, you must believe and find from the evidence beyond a reasonable doubt that at the time of the accident in question the defendant's acts were the sole and proximate cause of said accident, and in so determining, you may consider the acts of the witness Joe Acosta as they contributed to said accident."

The first portion of this instruction is clearly erroneous and prejudicial to the defendant himself because his conduct might have been wholly lawful and yet have been "the sole and proximate cause," of the injury to Eva Valdez. From the standpoint of the people, however, the vice of the instruction lies in the fact of its flat statement that some act of Joe Acosta contributed to the accident. Whether it did, or did not, was a question for the jury.

Ignoring the absence of a proper abstract, as heretofore noted, we find the record exceptionally free from error and the instructions most favorable to the defendant.

The judgment is affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD concur.